1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11  808 HOLDINGS, LLC, a California )   Civil No. 12cv00186 MMA(RBB)
    limited liability company,      )
12                                  )   **ORDER GRANTING IN PART AND**
                       Plaintiff,   )   **DENYING IN PART PLAINTIFF'S**
13                                  )   **MOTION FOR LEAVE TO TAKE EARLY**
    v.                              )   **DISCOVERY [ECF NO. 3]**
14                                  )
    COLLECTIVE OF DECEMBER 29, 2011 )
15  SHARING HASH                    )
    E37917C8EEB4585E6421358FF32F29C )
16  D63C23C91; DOES 1-83,           )
    inclusive,                      )
17                                  )
                       Defendants.  )
18  _____)

19       On January 24, 2012, Plaintiff filed a Motion for Leave to

20  Take Early Discovery, along with a Memorandum of Points and

21  Authorities and an exhibit [ECF No. 3].  Because no Defendant has

22  been named or served, no opposition or reply briefs have been

23  filed.  On March 1, 2012, the Court issued a minute order

24  indicating that the Plaintiff failed to comply with the local rules

25  and obtain a hearing date before filing its Motion for Leave to

26  Take Early Discovery [ECF No. 4].  The Court sua sponte set a

27  motion hearing for April 23, 2012, at 10:00 a.m.  (Mins. 1, Mar. 1,

28  2012, ECF No. 4.)

1    The Court finds the Plaintiff's Motion for Leave to Take Early

2 Discovery suitable for resolution on the papers.  See S.D. Cal.

3 Civ. R. 7.1(d)(1).  For the reasons discussed below, the Motion is

4 **GRANTED** in part and **DENIED** in part.

5                                  **I.**

6                          **PROCEDURAL HISTORY**

7    On January 23, 2012, Plaintiff 808 Holdings, LLC ("808

8 Holdings") filed a Complaint against Collective of December 29,

9 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29CD63C23C91, and

10 DOES one through eighty-three ("Defendants") [ECF No. 1].

11 Plaintiff does business under the names "Cody Media" and

12 "SeanCody.com," and it purports to be the registered owner of, and

13 hold the exclusive rights to, the copyright of the motion picture,

14 "Brandon & Pierce Unwrapped."  (Compl. 1, 3, ECF No. 1.)  First,

15 808 Holdings alleges a claim for copyright infringement, stating

16 that Defendants reproduced and distributed Plaintiff's copyrighted

17 material through the Internet without authorization of the

18 Plaintiff.  (Id. at 36-37.)  Second, 808 Holdings pleads

19 contributory copyright infringement, alleging that Defendants

20 illegally obtained the copyrighted motion picture and assisted

21 others in doing the same.  (Id. at 37-39.)  Third, Plaintiff argues

22 that the Defendants were negligent in failing to adequately secure

23 their Internet access to prevent its unlawful use by others.  (Id.

24 at 39-40.)

25    One day after filing the Complaint, on January 24, 2012, 808

26 Holdings filed this Motion for Leave to Take Early Discovery to

27 learn the identities of the Doe Defendants from their respective

28 Internet Service Providers ("ISPs").  (Mot. Leave Take Early Disc.

1   1, ECF No. 3.)[1]  Specifically, 808 Holdings seeks an order

2   directing the ISPs to release the subscriber's identifying

3   information.  (Id.)  The Plaintiff also seeks leave to serve

4   interrogatories on, and take the depositions of, the individuals

5   identified by the ISPs to determine whether the actual Internet

6   subscriber is the proper defendant.  (Id.)  Plaintiff attached to

7   its Motion a list of the Internet Protocol ("IP") addresses

8   associated with subscribers it hopes to identify as defendants.

9   (Id. Attach. #2 Ex. A, at 2-4.)

10                                **II.**

11                        **FACTUAL ALLEGATIONS**

12       In the Complaint, Plaintiff 808 Holdings alleges that the

13  eighty-three Doe Defendants collectively infringed its copyrighted

14  work using a BitTorrent file transfer protocol.  (Compl. 2, ECF No.

15  1.)  In general, the Plaintiff asserts that each time a Defendant

16  distributes the motion picture to others, those individuals can

17  distribute that infringing copy to other people in "an

18  interconnected collective," which builds on prior infringements.

19  (Id.)  The Defendants are purportedly a collection of "BitTorrent

20  users" or "peers" whose computers are connected for the purpose of

21  sharing a file, otherwise known as a "swarm."  (Id. at 3.)

22  Plaintiff alleges that each BitTorrent swarm is associated with a

23  particular "hash," which has a specific identifier for the file.

24  (Id.)  The sharing hash associated with the motion picture is

25

26

---

27      [1]  Because the pages attached to the Motion are not paginated,
    the Court will cite to the Motion for Leave to Take Early Discovery
28  using the page numbers assigned by the electronic case filing
    system.

1  E37917C8EEB4585E6421358FF32F29CD63C23C91 ("E379 Hash").   (<u>Id.</u> at

2  4.)

3  **A.     <u>BitTorrent Protocol</u>**

4       According to 808 Holdings, the BitTorrent protocol is

5  distinguishable from previously used peer-to-peer file sharing

6  technology, utilized by Napster or Limewire, because it "allows for

7  higher transfer speeds by locating pieces (or 'bits') of the file

8  already present on other users' computers and downloading them

9  simultaneously."  (<u>Id.</u> at 32.)  "This is done by joining into the

10 'swarm,' or collective, of peers to download and upload from each

11 other simultaneously."  (<u>Id.</u>)  This process results in faster

12 downloads than peer-to-peer file sharing technology.  (<u>Id.</u>)

13      Plaintiff describes the process of downloading and uploading

14 files through a BitTorrent protocol as "quick and efficient."  (<u>Id.</u>

15 at 33.)  When a user downloads a media file, he or she opens the

16 file on a BitTorrent client application; the user then extracts a

17 list with tracker locations that connect to IP addresses that are

18 currently running the BitTorrent software and offering to

19 distribute the file.  (<u>Id.</u>)  The downloader's BitTorrent program

20 then begins to download the media file automatically.  (<u>Id.</u>)

21 **B.     <u>Forming a Swarm</u>**

22      In the Complaint, 808 Holdings maintains that a swarm begins

23 with an initial user called the "seeder" who begins to share a file

24 with a torrent swarm.  (<u>Id.</u>)  New members of the swarm connect to

25 the seeder to download the media file, which creates a digital copy

26 of the file; the process repeats as new members join the swarm,

27 increasing the number of users in the swarm.  (<u>Id.</u>)  Each member

28 both acquires and redistributes the media file by simultaneously

1  uploading and downloading portions of the same digital copy with

2  the other members.  (Id. at 33-34.)  Therefore, Plaintiff contends

3  that even if the original seeder leaves the swarm, the media file

4  can continue to be downloaded by old and new members.  (Id. at 33.)

5  **C.    The December 29, 2011 Sharing Hash**

6        Plaintiff claims that on December 29, 2011, each of the

7  Defendants "republished, duplicated, and replicated the exact same

8  copy and exact same hash file."  (Id. at 4.)  Because all the

9  Defendants are associated with the E379 hash, 808 Holdings alleges

10  that each was a member of the same collective swarm.  (Id. at 35.)

11  Accordingly, Plaintiff asserts that they "acted collectively, and

12  in concert, in effectuating the illegal and unauthorized sharing of

13  Plaintiff's copyrighted work."  (Id.)  808 Holdings contends that

14  the Doe Defendants acted in unison:

15            Defendants engaged in their copyright infringement
          scheme together.  They all used the same torrent-sharing
16            technology to coordinate their collective copyright
          theft; they were all members of the same exact swarm on
17            the same exact date; they all used the same exact tracker
          file; they all shared and republished the same exact
18            motion picture; and they all shared the same exact hash
          file of the Motion Picture with each other and other
19            individuals on the same exact date, December 29, 2011.

20  (Id. at 4.)

21                                  **III.**

22                             **LEGAL STANDARDS**

23        Generally, discovery is not permitted without a court order

24  before the parties have conferred pursuant to Federal Rule of Civil

25  Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  Yet, "in rare cases,

26  courts have made exceptions, permitting limited discovery to ensue

27  after filing of the complaint to permit the plaintiff to learn the

28  identifying facts necessary to permit service on the defendant."

1  Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal.

2  1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.

3  1980)).   Courts grant these requests when the moving party shows

4  good cause for the early discovery.  Semitool, Inc. v. Tokyo Elec.

5  Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

6       The Ninth Circuit has held that when the defendants'

7  identities are unknown at the time the complaint is filed, courts

8  may grant plaintiffs leave to take early discovery to determine the

9  defendants' identities "unless it is clear that discovery would not

10  uncover the identities, or that the complaint would be dismissed on

11  other grounds."  Gellespie, 629 F.2d at 642.   "A district court's

12  decision to grant discovery to determine jurisdictional facts is a

13  matter of discretion."  Columbia Ins. Co., 185 F.R.D. at 578.

14       District courts apply a three-factor test when considering

15  motions for early discovery to identify certain defendants.  Id. at

16  578-80.  First, the plaintiff should "identify the missing party

17  with sufficient specificity such that the Court can determine that

18  defendant is a real person or entity who could be sued in federal

19  court."  Id. at 578.  Second, the movant must describe "all

20  previous steps taken to locate the elusive defendant" to ensure

21  that the plaintiff has made a good faith effort to identify and

22  serve process on the defendant.  Id. at 579.  Third, plaintiff

23  should establish that its suit against the defendant could

24  withstand a motion to dismiss.  Id.  "[T]o prevent abuse of this

25  extraordinary application of the discovery process and to ensure

26  that the plaintiff has standing," plaintiff must show that some act

27  giving rise to liability actually occurred and that the discovery

28

1  is aimed at identifying the person who allegedly committed the act.

2  Id. at 579-80.

3                              **IV.**

4                          **DISCUSSION**

5      Plaintiff seeks an order permitting it to subpoena twenty-

6  three ISPs for documents and information sufficient to identify the

7  subscribers of the assigned IP addresses listed in Exhibit A to its

8  Motion:  (1) AT&T d/b/a SBC Internet Services, (2) BellSouth.net,

9  (3) CABLE ONE, Inc., (4) CenturyTel Internet Holdings, (5) Charter

10  Communications, (6) Comcast Cable, (7) Cox Communications, (8)

11  Cyber Wurx, LLC., (9) Earthlink, (10) Embarq Corporation, (11) Fuse

12  Internet Access, (12) HickoryTech Corporation, (13) Insight

13  Communications Company, (14) The Iserv Company LLC, (15) Level 3

14  Communications, (16) Optimum Online, (17) Qwest Communications,

15  (18) RCN Corporation, (19) SureWest Broadband, (20) Time Warner

16  d/b/a Road Runner, (21) Verizon Internet Services, (22)

17  WideOpenWest, and (23) Windstream Communications.  (Mot. Leave Take

18  Early Disc. Attach. #1 Mem. P. & A. 2, ECF No. 3.)  Out of the

19  eighty-three corresponding IP addresses that Plaintiff lists in

20  Exhibit A, only twenty-six are located in California; five of those

21  Defendants are located within San Diego or Imperial Counties, and

22  twenty-one are located outside the district.  (Id. Attach. #2 Ex.

23  A, at 2-4.)  Fifty-four are located outside of California, and

24  three do not specify a particular location.  (Id.)

25  **A.   Identification of Missing Parties with Sufficient Specificity**

26      First, 808 Holdings must identify the Doe Defendants with

27  enough specificity to enable the Court to determine that the

28  defendant is a real person or entity who would be subject to the

                              7                        12cv00186 MMA(RBB)

1  jurisdiction of this Court.  <u>Columbia Ins. Co.</u>, 185 F.R.D. at 578.

2  In its Motion for Leave to Take Early Discovery, 808 Holdings

3  asserts it has "sufficiently identified individuals who are real

4  persons" that Plaintiff can sue in this federal district court.

5  (Mot. Leave Take Early Disc. Attach. #1 Mem. P. & A. 3, ECF No. 3.)

6  It has "observed and documented the infringement of its registered

7  work by the individuals identified as DOES . . . ."  (<u>Id.</u>)  Also,

8  808 Holdings contends that the discovery sought is necessary to

9  ascertain the identities of the Defendants.  (<u>Id.</u>)

10      Some district courts in the Ninth Circuit have determined that

11  a plaintiff identifies Doe defendants with sufficient specificity

12  by providing the unique IP addresses assigned to an individual

13  defendant on the day of the allegedly infringing conduct, and by

14  using "geolocation technology" to trace the IP addresses to a

15  physical point of origin.  <u>See</u> <u>Openmind Solutions, Inc. v. Does</u>

16  <u>1-39</u>, No. C-11-3311 MEJ, 2011 U.S. Dist. LEXIS 116552, at *5-6

17  (N.D. Cal. Oct. 7, 2011); <u>Pink Lotus Entm't v. Does 1-46</u>, No. C-11-

18  02263 HRL, 2011 U.S. Dist. LEXIS 65614, at *6-7 (N.D. Cal. June 21,

19  2011).  Others have found that merely identifying the IP addresses

20  assigned to the defendants on the day of the purported infringement

21  is sufficient to satisfy the first factor.  <u>See</u> <u>MCGIP, LLC v. Does</u>

22  <u>1-149</u>, No. C-11-02331 LB, 2011 U.S. Dist. LEXIS 85363, at *4-5

23  (N.D. Cal. Aug. 15, 2011) (opinion by Judge Beeler); <u>First Time</u>

24  <u>Videos LLC v. Does 1-37</u>, No. C-11-01675 LB, 2011 U.S. Dist. LEXIS

25  42376, at *5 (N.D. Cal. April 14, 2011) (opinion by Judge Beeler).

26      This Court finds the former standard persuasive.  In any

27  event, here, 808 Holdings has submitted a chart listing the unique

28  IP address corresponding to each Defendant on December 29, 2011, as

1  well as the city and state in which each IP address is located.

2  (See Mot. Leave Take Early Disc. Attach. #2 Ex. A, at 2-4, ECF No.

3  3.)  Consequently, Plaintiff has identified the Doe Defendants with

4  sufficient specificity.  See Openmind Solutions, 2011 U.S. Dist.

5  LEXIS 116552, at *6 (concluding that plaintiff satisfied the first

6  factor by identifying the defendants' IP addresses and by tracing

7  the IP addresses to a point of origin within the State of

8  California); Pink Lotus Entm't, 2011 U.S. Dist. LEXIS 65614, at *6

9  (same).

10  **B.    Previous Attempts to Locate Defendants**

11       Next, 808 Holdings must describe all prior steps it has taken

12  to identify the Doe Defendants in a good faith effort to locate and

13  serve them.  See Columbia Ins. Co., 185 F.R.D. at 579.  Plaintiff

14  generally maintains that there are no other practical measures

15  available to determine the identities of the Doe Defendants.  (Mot.

16  Leave Take Early Disc. Attach #1 Mem. P. & A. 4, ECF No. 3.)  "Due

17  to the nature of on-line transactions, Plaintiff has no way of

18  investigating the identities of the potential Defendants except via

19  third-party subpoena to the ISP."  (Id.)

20       In its Motion, 808 Holdings does not describe the efforts it

21  made to learn the IP addresses.  Plaintiff identified the IP

22  addresses from which each Doe Defendant connected to the Internet

23  and recorded the date and time each Defendant accessed Plaintiff's

24  motion picture.  (See id. at 5.)  Plaintiff apparently conducted "a

25  simple search on a publically available database" to determine

26  which ISP controls the particular IP addresses.  (See id.)  This

27  description is vague and is not supported by any declaration.  See

28  Openmind Solutions, 2011 U.S. Dist. LEXIS 116552, at *7-10.

1 Nonetheless, 808 Holdings appears to have obtained and investigated

2 the data pertaining to the December 29, 2011 alleged infringements,

3 in a good faith effort to locate each Doe Defendant.  See Digital

4 Sin, Inc. v. Does 1-5698, No. C 11-04397 LB, 2011 U.S. Dist. LEXIS

5 128033, at *5 (N.D. Cal. Nov. 4, 2011); Openmind Solutions, 2011

6 U.S. Dist. LEXIS 85363, at *5; MCGIP, 2011 U.S. Dist. LEXIS 85363,

7 at *5; Pink Lotus Entm't, 2011 U.S. Dist. LEXIS 65614, at *7.

8 **C.   Ability to Withstand a Motion to Dismiss**

9      Finally, to be entitled to early discovery, 808 Holdings must

10 demonstrate that its Complaint can withstand a motion to dismiss.

11 See Columbia Ins. Co., 185 F.R.D. at 579.

12      In its Motion for Leave to Take Early Discovery, the Plaintiff

13 declares that it has stated a prima facie claim for copyright

14 infringement that can withstand a motion to dismiss.  (Mot. Leave

15 Take Early Disc. Attach. #1 Mem. P. & A. 4, ECF No. 3.)  According

16 to 808 Holdings, it has adequately alleged that Defendants engaged

17 in the unauthorized reproduction and distribution of its motion

18 picture, and that Plaintiff owns the registered copyrights for the

19 motion picture.  (Id. (citing 17 U.S.C. §§ 106(1)(3)).)  Also,

20 without a citation to supporting authority showing any "duty" to

21 copyright owners, 808 Holdings contends it has sufficiently pleaded

22 a negligence cause of action based on the Defendants' failure to

23 secure their Internet access, which enabled the copyright

24 infringements.  (Id.)

25      **1.   Lack of personal jurisdiction**

26      Exhibit A to Plaintiff's Motion indicates that most of the

27 potential Defendants are located outside of the state.  Of the

28 eighty-three Doe Defendants listed, only twenty-six of the host IP

1  addresses are in California.  (See id. Attach. #2 Ex. A, at 2-4,

2  ECF No. 3.)  Fifty-four of the IP addresses are outside of

3  California.  (Id.)  The location of three of the IP addresses is

4  unknown or unspecified.  (Id. at 2, 4.)  At a minimum, there is a

5  serious question as to whether the claims against the fifty-four

6  out-of-state Doe Defendants, as well as the three Defendants whose

7  locations are unknown, can survive a motion to dismiss for lack of

8  personal jurisdiction.  See Celestial, Inc. v. Swarm Sharing Hash

9  8AB508AB0F9EF8B4CDB14C6248F3 C96C65BEB882 on December 4, 2011, No.

10 CV 12-00204 DDP(SSx), 2012 U.S. Dist. LEXIS 41078, at *5 (C.D. Cal.

11 Mar. 23, 2012).

12      The Plaintiff bears the burden of establishing jurisdictional

13 facts.  See Columbia Ins. Co., 185 F.R.D. at 578 (citing Wells

14 Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th

15 Cir. 1977)).  Yet, remarkably, in its Motion, 808 Holdings does not

16 discuss whether this Court has personal jurisdiction over the Doe

17 Defendants.  In its Complaint, however, Plaintiff asserts that the

18 Defendants are subject to personal jurisdiction in this district

19 because they took the "affirmative action of both downloading and

20 uploading" Plaintiff's motion picture, which "contained Plaintiff's

21 business address in this jurisdiction, . . . ." (Compl. 2, ECF No.

22 1.)  Thus, Plaintiff maintains that "Defendants knew or should have

23 known . . . that the copyright belonged to an entity residing in

24 this jurisdiction and thus [they] expressly targeted their

25 infringing actions and caused damages" in California.  (Id.)

26      Personal jurisdiction over a nonresident defendant is

27 determined by a two-part test.  First, the exercise of jurisdiction

28 must comply with the state's long-arm statute.  Liberty Media

1 <u>Holdings v. Does 1-62</u>, No. 11-CV-575-MMA (NLS), 2012 U.S. Dist.

2 LEXIS 24232, at *6 (S.D. Cal. Feb. 24, 2012).  Second, the exercise

3 of jurisdiction must satisfy the requirements of federal due

4 process.  <u>Id.</u> at *6-7 (citation omitted).  California's long-arm

5 statute extends jurisdiction to the limits of due process.  Cal.

6 Code. Civ. P. § 410.10 (West 2004); <u>Dow Chem. Co. v. Calderon</u>, 422

7 F.3d 827, 831 (9th Cir. 2005).  "For a court to exercise personal

8 jurisdiction over a nonresident defendant, that defendant must have

9 at least 'minimum contacts' with the relevant forum such that the

10 exercise of jurisdiction 'does not offend traditional notions of

11 fair play and substantial justice.'"  <u>Scwarzenegger v. Fred Martin</u>

12 <u>Motor Co.</u>, 374 F.3d 797, 801 (9th Cir. 2004) (quoting <u>Int'l Shoe</u>

13 <u>Co. v. Washington</u>, 326 U.S. 310, 316 (1945)).

14      While some courts deciding requests for early discovery have

15 considered whether the IP addresses are located in California, at

16 least one other court has determined that merely identifying the

17 host IP addresses — regardless of location — is sufficient.

18 <u>Compare</u> <u>Pink Lotus Entm't</u>, 2011 U.S. Dist. LEXIS 65614, at *6-7

19 (noting that the IP addresses were traced to locations in

20 California), <u>with</u> <u>First Time Videos LLC</u>, 2011 U.S. Dist. LEXIS

21 42376, at *5 (opinion by Judge Beeler) (failing to discuss location

22 of IP addresses).  Judge Beeler did not consider the location fo IP

23 addresses in three subsequent cases.  <u>See</u> <u>Digital Sin</u>, 2011 U.S.

24 Dist. LEXIS 128033, at *4-5 (failing to address the locations of

25 the IP addresses); <u>MCGIP</u>, 2011 U.S. Dist. LEXIS 85363, at *4-5; <u>VPR</u>

26 <u>Internationale v. Does 1-17</u>, No. C-11-01494 LB, 2011 U.S. Dist.

27 LEXIS 45118, at *5 (N.D. Cal. Apr. 15, 2011).  Other courts have

28 found that without identifying the Doe Defendants, it would be

1 premature to decide whether the court lacks personal jurisdiction

2 when the defendants and their connections to California are

3 unknown. See Liberty Media Holdings, 2012 U.S. Dist. LEXIS 24232,

4 at *7-8 (citing IO Group, Inc. v. Does 1-10, No. C 10-03851 SI,

5 2010 U.S. Dist. LEXIS 133717 (N.D. Cal. Dec. 7, 2010); Call of the

6 Wild Movie, LLC v. Does 1-1,062, 770 F. Supp. 2d 332, 347 (D.D.C.

7 2011)).

8    This Court must balance the need for discovery against the

9 interests of justice, which includes consideration of the prejudice

10 to the ISP and to the Doe Defendants. See Semitool, 208 F.R.D. at

11 276.  The judicial process should not be manipulated to obtain

12 confidential information about Defendants not subject to the

13 Court's jurisdiction.  The Plaintiff asserts that jurisdiction over

14 the Doe Defendants is proper because the motion picture displayed

15 Plaintiff's California business address.  (Compl. 2-3, ECF No. 1.)

16 This is insufficient to support a determination that "'Defendants

17 expressly aimed their tortious acts against' a California company,

18 as required for specific jurisdiction." Celestial, 2012 U.S. Dist.

19 LEXIS 41078, at *6 (citation omitted).  It is unlikely that an

20 individual in a distant jurisdiction would envision that the acts

21 alleged would subject him to the jurisdiction of this Court.

22 Similarly, any allegation that personal jurisdiction exists because

23 of the swarming activity is inadequate.  Id. at *6-7 & n.2.

24    At a minimum, Plaintiff has not alleged sufficient facts to

25 show that it can withstand a motion to dismiss for lack of personal

26 jurisdiction as to the fifty-four Doe Defendants with IP addresses

27 outside of California and the three Doe Defendants whose locations

28 are not identified.  See Celestial, 2012 U.S. Dist. LEXIS 41078, at

1  *5-6 (denying request for early discovery because the complaint

2  could not withstand a motion to dismiss for lack of personal

3  jurisdiction even though all of the IP addresses were located in

4  California).

5       **2.   Improper venue**

6       In the same vein, 808 Holdings has not shown that its

7  Complaint can survive a motion to dismiss for improper venue as to

8  the Doe Defendants with IP addresses outside the State of

9  California and outside this judicial district.  As discussed,

10  fifty-four of the IP addresses are located out-of-state, and the

11  locations for three of the addresses are unknown.  (See Mot. Leave

12  Take Early Disc. Attach. #2 Ex. A, at 2-4, ECF No. 3.)  Only five

13  of the twenty-six California IP addresses are within the Southern

14  District of California — one IP address is in Fallbrook,

15  California; one is in Coronado, California; and three are in San

16  Diego, California.  (Id.)

17       Plaintiff alleges that venue in this district is proper as to

18  all Defendants under 28 U.S.C. §§ 1391(b)(2), 1400(a).  (See Compl.

19  3, ECF No. 1.)  "The venue of suits for infringement of copyright

20  is not determined be the general provision governing suits in the

21  federal district courts, rather by the venue provision of the

22  Copyright Act."  Goldberg v. Cameron, 482 F. Supp. 2d 1136, 1143

23  (N.D. Cal. 2007).  Civil actions for copyright infringement "may be

24  instituted in the district in which the defendant or his agent

25  resides or may be found."  28 U.S.C.A. § 1400(a) (West 2006).  An

26  individual "resides" for venue purposes in the district of his

27  domicile.  17 James Wm. Moore, et al., Moore's Federal Practice, §

28  110.39[2], at 110-76 (3d ed. 2011).  A defendant is "found" for

1  venue purposes where he is subject to personal jurisdiction.  Id.

2  (footnote omitted); see Brayton Purcell LLP v. Recordon & Recordon,

3  606 F.3d 1124, 1126 (9th Cir. 2010) ("This circuit interprets [28

4  U.S.C. § 1400(a)] to allow venue in any judicial district where, if

5  treated as a separate state, the defendant would be subject to

6  personal jurisdiction.").

7       Plaintiff fails to address venue in its Motion.  In the

8  Complaint, however, 808 Holdings asserts venue is proper because

9  although the true identities of the Defendants are unknown, "on

10  information and belief, each Defendant may be found in this

11  District and/or a substantial part of the infringing acts

12  complained of occurred in this District."  (Compl. 3, ECF No. 1.)

13  This allegation may run afoul of Rule 11 of the Federal Rules of

14  Civil Procedure, given that only five of the eighty-three

15  Defendants have IP addresses in the Southern District of

16  California.

17       Plaintiff has not demonstrated that its Complaint can

18  withstand a motion to dismiss for lack of personal jurisdiction as

19  to the fifty-four Doe Defendants located outside of California and

20  the three Defendants in unknown locales.  It also appears that

21  venue in this judicial district would be improper for these

22  Defendants.  Similarly, the Plaintiff has not shown that the

23  twenty-one California Defendants located outside of this district

24  are subject to suit in the Southern District of California.  Thus,

25  it is unclear whether 808 Holdings's Complaint can survive a motion

26  to dismiss by these twenty-one Doe Defendants.  Consequently,

27  Plaintiff has not shown that it can withstand a motion to dismiss

28  for improper venue pursuant to 28 U.S.C. § 1406(a) for these

1  seventy-five Doe Defendants, especially when there is no alternate

2  district to which a transfer would be appropriate.  <u>See</u> 28 U.S.C.A.

3  § 1406 (West 2006).

4      **3.   Misjoinder**

5      In addition to personal jurisdiction and venue, 808 Holdings

6  has failed to show that its claims can withstand a motion to

7  dismiss for improper joinder.  Fed. R. Civ. P. 20(a); <u>see</u>

8  <u>Celestial</u>, 2012 U.S. Dist. LEXIS 41078, at *7 n.3.  Although the

9  Ninth Circuit has not ruled on whether permissive joinder is proper

10 in cases where Doe defendants collectively download and upload the

11 same file using BitTorrent technology, several recent district

12 court cases in the circuit have found joinder improper.  <u>See</u>

13 <u>Celestial</u>, 2012 U.S. Dist. LEXIS 41078, at *7 n.3 (citing recent

14 cases finding misjoinder); <u>see also</u> <u>Liberty Media Holdings v. Does</u>

15 <u>1-62</u>, 2012 U.S. Dist. LEXIS 24232, at *16-17.  In its conclusory

16 pleading and motion, 808 Holdings has not established that the

17 Complaint can withstand a motion to dismiss for the misjoinder of

18 out-of-state and out-of-district Doe Defendants.

19                              **V.**

20                          <u>**CONCLUSION**</u>

21     Plaintiff's Motion for Leave to Take Early Discovery [ECF No.

22 3] is **GRANTED** in part and **DENIED** in part.

23     The Plaintiff has made a sufficient showing to satisfy the

24 three-factor test for only five of the eighty-three Doe Defendants.

25 For these five Defendants, Plaintiff's Motion is **GRANTED**.

26     808 Holdings may serve subpoenas on the ISPs for the five

27 Defendants with addresses in this judicial district, seeking

28 identifying information relating to the following "Host IP

1  addresses": (1) <u>76.176.17.137</u> (Fallbrook, California), (2)

2  <u>66.75.47.109</u> (Coronado, California), (3) <u>68.107.100.235</u> (San Diego,

3  California), (4) <u>76.192.216.196</u> (San Diego, California), and (5)

4  <u>75.25.175.128</u> (San Diego, California). (Mot. Leave Take Early

5  Disc. Attach. #2 Ex. A, at 2-3, ECF No. 3.) Each subpoena must

6  provide a minimum of <u>forty-five days'</u> notice before any production

7  and shall be limited to one category of documents identifying the

8  particular subscriber or subscribers on the "Hit Date(UTC)" listed

9  on Exhibit A to Plaintiff's Motion for Leave to Take Early

10 Discovery. (<u>Id.</u>) The requested information should be limited to

11 the name and addresses of each subscriber. Any subpoenaed third

12 party may seek a protective order if it determines there is a

13 legitimate basis for doing so.

14      The ISPs shall have <u>fourteen calendar days</u> after service of

15 the subpoenas to notify the subscribers that their identity has

16 been subpoenaed by Plaintiff. Each subscriber whose identity has

17 been subpoenaed shall then have <u>thirty calendar days</u> from the date

18 of the notice to seek a protective order or file any other

19 responsive pleading. If appropriate, 808 Holdings may then serve

20 each individual identified by the ISPs with no more than three

21 interrogatories to determine whether the Internet subscriber is the

22 proper defendant. No depositions are authorized at this time.

23      With respect to the remaining seventy-eight Doe Defendants,

24 Plaintiff's Motion is **DENIED.**

25      **IT IS SO ORDERED.**

26

27 Dated: May 4, 2012                    _RUBEN B. BROOKS_
                                        RUBEN B. BROOKS
                                        United States Magistrate Judge

28 cc:  Judge Anello
        All Parties of Record