UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 808 HOLDINGS, LLC, a California limited liability company,<br><br>            Plaintiff,<br><br>v.<br><br>COLLECTIVE OF DECEMBER 29, 2011 SHARING HASH E37917C8EEB4585E6421358FF32F29C D63C23C91; DOES 1-83, inclusive,<br><br>            Defendants. | Civil No. 12cv00186 MMA(RBB)<br><br>**AMENDED ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO TAKE EARLY DISCOVERY [ECF NO. 3]** |

    On January 24, 2012, Plaintiff filed a Motion for Leave to Take Early Discovery, along with a Memorandum of Points and Authorities and an exhibit [ECF No. 3]. Because no Defendant has been named or served, no opposition or reply briefs have been filed. On March 1, 2012, the Court issued a minute order indicating that the Plaintiff failed to comply with the local rules and obtain a hearing date before filing its Motion for Leave to Take Early Discovery [ECF No. 4]. The Court sua sponte set a motion hearing for April 23, 2012, at 10:00 a.m. (Mins. 1, Mar. 1, 2012, ECF No. 4.)

The Court finds the Plaintiff's Motion for Leave to Take Early Discovery suitable for resolution on the papers. See S.D. Cal. Civ. R. 7.1(d)(1). For the reasons discussed below, the Motion is **GRANTED** in part and **DENIED** in part.

## I.

### PROCEDURAL HISTORY

On January 23, 2012, Plaintiff 808 Holdings, LLC ("808 Holdings") filed a Complaint against Collective of December 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29CD63C23C91, and DOES one through eighty-three ("Defendants") [ECF No. 1]. Plaintiff does business under the names "Cody Media" and "SeanCody.com," and it purports to be the registered owner of, and hold the exclusive rights to, the copyright of the motion picture, "Brandon & Pierce Unwrapped." (Compl. 1, 3, ECF No. 1.) First, 808 Holdings alleges a claim for copyright infringement, stating that Defendants reproduced and distributed Plaintiff's copyrighted material through the Internet without authorization of the Plaintiff. (Id. at 36-37.) Second, 808 Holdings pleads contributory copyright infringement, alleging that Defendants illegally obtained the copyrighted motion picture and assisted others in doing the same. (Id. at 37-39.) Third, Plaintiff argues that the Defendants were negligent in failing to adequately secure their Internet access to prevent its unlawful use by others. (Id. at 39-40.)

One day after filing the Complaint, on January 24, 2012, 808 Holdings filed this Motion for Leave to Take Early Discovery to learn the identities of the Doe Defendants from their respective Internet Service Providers ("ISPs"). (Mot. Leave Take Early Disc.

1, ECF No. 3.)[1]  Specifically, 808 Holdings seeks an order directing the ISPs to release the subscriber's identifying information.  (Id.)  The Plaintiff also seeks leave to serve interrogatories on, and take the depositions of, the individuals identified by the ISPs to determine whether the actual Internet subscriber is the proper defendant.  (Id.)  Plaintiff attached to its Motion a list of the Internet Protocol ("IP") addresses associated with subscribers it hopes to identify as defendants. (Id. Attach. #2 Ex. A, at 2-4.)

## II.

## FACTUAL ALLEGATIONS

In the Complaint, Plaintiff 808 Holdings alleges that the eighty-three Doe Defendants collectively infringed its copyrighted work using a BitTorrent file transfer protocol.  (Compl. 2, ECF No. 1.)  In general, the Plaintiff asserts that each time a Defendant distributes the motion picture to others, those individuals can distribute that infringing copy to other people in "an interconnected collective," which builds on prior infringements. (Id.)  The Defendants are purportedly a collection of "BitTorrent users" or "peers" whose computers are connected for the purpose of sharing a file, otherwise known as a "swarm."  (Id. at 3.) Plaintiff alleges that each BitTorrent swarm is associated with a particular "hash," which has a specific identifier for the file. (Id.)  The sharing hash associated with the motion picture is

---

[1]  Because the pages attached to the Motion are not paginated, the Court will cite to the Motion for Leave to Take Early Discovery using the page numbers assigned by the electronic case filing system.

1  E37917C8EEB4585E6421358FF32F29CD63C23C91 ("E379 Hash").  (Id. at
2  4.)

### A.  **BitTorrent Protocol**

According to 808 Holdings, the BitTorrent protocol is distinguishable from previously used peer-to-peer file sharing technology, utilized by Napster or Limewire, because it "allows for higher transfer speeds by locating pieces (or 'bits') of the file already present on other users' computers and downloading them simultaneously." (Id. at 32.)  "This is done by joining into the 'swarm,' or collective, of peers to download and upload from each other simultaneously." (Id.)  This process results in faster downloads than peer-to-peer file sharing technology. (Id.)

Plaintiff describes the process of downloading and uploading files through a BitTorrent protocol as "quick and efficient." (Id. at 33.)  When a user downloads a media file, he or she opens the file on a BitTorrent client application; the user then extracts a list with tracker locations that connect to IP addresses that are currently running the BitTorrent software and offering to distribute the file. (Id.)  The downloader's BitTorrent program then begins to download the media file automatically. (Id.)

### B.  **Forming a Swarm**

In the Complaint, 808 Holdings maintains that a swarm begins with an initial user called the "seeder" who begins to share a file with a torrent swarm. (Id.)  New members of the swarm connect to the seeder to download the media file, which creates a digital copy of the file; the process repeats as new members join the swarm, increasing the number of users in the swarm. (Id.)  Each member both acquires and redistributes the media file by simultaneously

uploading and downloading portions of the same digital copy with the other members. (Id. at 33-34.)  Therefore, Plaintiff contends that even if the original seeder leaves the swarm, the media file can continue to be downloaded by old and new members. (Id. at 33.)

**C.   The December 29, 2011 Sharing Hash**

Plaintiff claims that on December 29, 2011, each of the Defendants "republished, duplicated, and replicated the exact same copy and exact same hash file." (Id. at 4.)  Because all the Defendants are associated with the E379 hash, 808 Holdings alleges that each was a member of the same collective swarm. (Id. at 35.) Accordingly, Plaintiff asserts that they "acted collectively, and in concert, in effectuating the illegal and unauthorized sharing of Plaintiff's copyrighted work." (Id.)  808 Holdings contends that the Doe Defendants acted in unison:

> Defendants engaged in their copyright infringement scheme together.  They all used the same torrent-sharing technology to coordinate their collective copyright theft; they were all members of the same exact swarm on the same exact date; they all used the same exact tracker file; they all shared and republished the same exact motion picture; and they all shared the same exact hash file of the Motion Picture with each other and other individuals on the same exact date, December 29, 2011.

(Id. at 4.)

### III.

### LEGAL STANDARDS

Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  Yet, "in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."

1   <u>Columbia Ins. Co. v. Seescandy.com</u>, 185 F.R.D. 573, 577 (N.D. Cal.
2   1999) (citing <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir.
3   1980)).  Courts grant these requests when the moving party shows
4   good cause for the early discovery.  <u>Semitool, Inc. v. Tokyo Elec.
5   Am., Inc.</u>, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).
6         The Ninth Circuit has held that when the defendants'
7   identities are unknown at the time the complaint is filed, courts
8   may grant plaintiffs leave to take early discovery to determine the
9   defendants' identities "unless it is clear that discovery would not
10  uncover the identities, or that the complaint would be dismissed on
11  other grounds." <u>Gellespie</u>, 629 F.2d at 642.  "A district court's
12  decision to grant discovery to determine jurisdictional facts is a
13  matter of discretion." <u>Columbia Ins. Co.</u>, 185 F.R.D. at 578.
14        District courts apply a three-factor test when considering
15  motions for early discovery to identify certain defendants.  <u>Id.</u> at
16  578-80.  First, the plaintiff should "identify the missing party
17  with sufficient specificity such that the Court can determine that
18  defendant is a real person or entity who could be sued in federal
19  court." <u>Id.</u> at 578.  Second, the movant must describe "all
20  previous steps taken to locate the elusive defendant" to ensure
21  that the plaintiff has made a good faith effort to identify and
22  serve process on the defendant. <u>Id.</u> at 579.  Third, plaintiff
23  should establish that its suit against the defendant could
24  withstand a motion to dismiss. <u>Id.</u>  "[T]o prevent abuse of this
25  extraordinary application of the discovery process and to ensure
26  that the plaintiff has standing," plaintiff must show that some act
27  giving rise to liability actually occurred and that the discovery
28

is aimed at identifying the person who allegedly committed the act. Id. at 579-80.

## IV.

## DISCUSSION

Plaintiff seeks an order permitting it to subpoena twenty-three ISPs for documents and information sufficient to identify the subscribers of the assigned IP addresses listed in Exhibit A to its Motion:  (1) AT&T d/b/a SBC Internet Services, (2) BellSouth.net, (3) CABLE ONE, Inc., (4) CenturyTel Internet Holdings, (5) Charter Communications, (6) Comcast Cable, (7) Cox Communications, (8) Cyber Wurx, LLC., (9) Earthlink, (10) Embarq Corporation, (11) Fuse Internet Access, (12) HickoryTech Corporation, (13) Insight Communications Company, (14) The Iserv Company LLC, (15) Level 3 Communications, (16) Optimum Online, (17) Qwest Communications, (18) RCN Corporation, (19) SureWest Broadband, (20) Time Warner d/b/a Road Runner, (21) Verizon Internet Services, (22) WideOpenWest, and (23) Windstream Communications.  (Mot. Leave Take Early Disc. Attach. #1 Mem. P. & A. 2, ECF No. 3.)  Out of the eighty-three corresponding IP addresses that Plaintiff lists in Exhibit A, only twenty-six are located in California; five of those Defendants are located within San Diego or Imperial Counties, and twenty-one are located outside the district.  (Id. Attach. #2 Ex. A, at 2-4.)  Fifty-four are located outside of California, and three do not specify a particular location.  (Id.)

**A.   Identification of Missing Parties with Sufficient Specificity**

First, 808 Holdings must identify the Doe Defendants with enough specificity to enable the Court to determine that the defendant is a real person or entity who would be subject to the

jurisdiction of this Court. Columbia Ins. Co., 185 F.R.D. at 578. In its Motion for Leave to Take Early Discovery, 808 Holdings asserts it has "sufficiently identified individuals who are real persons" that Plaintiff can sue in this federal district court. (Mot. Leave Take Early Disc. Attach. #1 Mem. P. & A. 3, ECF No. 3.) It has "observed and documented the infringement of its registered work by the individuals identified as DOES . . . ." (Id.) Also, 808 Holdings contends that the discovery sought is necessary to ascertain the identities of the Defendants. (Id.)

Some district courts in the Ninth Circuit have determined that a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using "geolocation technology" to trace the IP addresses to a physical point of origin. See Openmind Solutions, Inc. v. Does 1-39, No. C-11-3311 MEJ, 2011 U.S. Dist. LEXIS 116552, at *5-6 (N.D. Cal. Oct. 7, 2011); Pink Lotus Entm't v. Does 1-46, No. C-11-02263 HRL, 2011 U.S. Dist. LEXIS 65614, at *6-7 (N.D. Cal. June 21, 2011). Others have found that merely identifying the IP addresses assigned to the defendants on the day of the purported infringement is sufficient to satisfy the first factor. See MCGIP, LLC v. Does 1-149, No. C-11-02331 LB, 2011 U.S. Dist. LEXIS 85363, at *4-5 (N.D. Cal. Aug. 15, 2011) (opinion by Judge Beeler); First Time Videos LLC v. Does 1-37, No. C-11-01675 LB, 2011 U.S. Dist. LEXIS 42376, at *5 (N.D. Cal. April 14, 2011) (opinion by Judge Beeler).

This Court finds the former standard persuasive. In any event, here, 808 Holdings has submitted a chart listing the unique IP address corresponding to each Defendant on December 29, 2011, as

1  well as the city and state in which each IP address is located.
2  (See Mot. Leave Take Early Disc. Attach. #2 Ex. A, at 2-4, ECF No.
3  3.)  Consequently, Plaintiff has identified the Doe Defendants with
4  sufficient specificity.  See Openmind Solutions, 2011 U.S. Dist.
5  LEXIS 116552, at *6 (concluding that plaintiff satisfied the first
6  factor by identifying the defendants' IP addresses and by tracing
7  the IP addresses to a point of origin within the State of
8  California); Pink Lotus Entm't, 2011 U.S. Dist. LEXIS 65614, at *6
9  (same).

10 **B.    Previous Attempts to Locate Defendants**

11      Next, 808 Holdings must describe all prior steps it has taken
12 to identify the Doe Defendants in a good faith effort to locate and
13 serve them.  See Columbia Ins. Co., 185 F.R.D. at 579.  Plaintiff
14 generally maintains that there are no other practical measures
15 available to determine the identities of the Doe Defendants.  (Mot.
16 Leave Take Early Disc. Attach #1 Mem. P. & A. 4, ECF No. 3.)  "Due
17 to the nature of on-line transactions, Plaintiff has no way of
18 investigating the identities of the potential Defendants except via
19 third-party subpoena to the ISP."  (Id.)

20      In its Motion, 808 Holdings does not describe the efforts it
21 made to learn the IP addresses.  Plaintiff identified the IP
22 addresses from which each Doe Defendant connected to the Internet
23 and recorded the date and time each Defendant accessed Plaintiff's
24 motion picture.  (See id. at 5.)  Plaintiff apparently conducted "a
25 simple search on a publically available database" to determine
26 which ISP controls the particular IP addresses.  (See id.)  This
27 description is vague and is not supported by any declaration.  See
28 Openmind Solutions, 2011 U.S. Dist. LEXIS 116552, at *7-10.

1  Nonetheless, 808 Holdings appears to have obtained and investigated
2  the data pertaining to the December 29, 2011 alleged infringements,
3  in a good faith effort to locate each Doe Defendant.  See Digital
4  Sin, Inc. v. Does 1-5698, No. C 11-04397 LB, 2011 U.S. Dist. LEXIS
5  128033, at *5 (N.D. Cal. Nov. 4, 2011); Openmind Solutions, 2011
6  U.S. Dist. LEXIS 85363, at *5; MCGIP, 2011 U.S. Dist. LEXIS 85363,
7  at *5; Pink Lotus Entm't, 2011 U.S. Dist. LEXIS 65614, at *7.

**C.   Ability to Withstand a Motion to Dismiss**

9       Finally, to be entitled to early discovery, 808 Holdings must
10 demonstrate that its Complaint can withstand a motion to dismiss.
11 See Columbia Ins. Co., 185 F.R.D. at 579.

12      In its Motion for Leave to Take Early Discovery, the Plaintiff
13 declares that it has stated a prima facie claim for copyright
14 infringement that can withstand a motion to dismiss.  (Mot. Leave
15 Take Early Disc. Attach. #1 Mem. P. & A. 4, ECF No. 3.)  According
16 to 808 Holdings, it has adequately alleged that Defendants engaged
17 in the unauthorized reproduction and distribution of its motion
18 picture, and that Plaintiff owns the registered copyrights for the
19 motion picture.  (Id. (citing 17 U.S.C. §§ 106(1)(3)).)  Also,
20 without a citation to supporting authority showing any "duty" to
21 copyright owners, 808 Holdings contends it has sufficiently pleaded
22 a negligence cause of action based on the Defendants' failure to
23 secure their Internet access, which enabled the copyright
24 infringements.  (Id.)

**1.   Lack of personal jurisdiction**

26      Exhibit A to Plaintiff's Motion indicates that most of the
27 potential Defendants are located outside of the state.  Of the
28 eighty-three Doe Defendants listed, only twenty-six of the host IP

1  addresses are in California.  (See id. Attach. #2 Ex. A, at 2-4,
2  ECF No. 3.)  Fifty-four of the IP addresses are outside of
3  California.  (Id.)  The location of three of the IP addresses is
4  unknown or unspecified.  (Id. at 2, 4.)  At a minimum, there is a
5  serious question as to whether the claims against the fifty-four
6  out-of-state Doe Defendants, as well as the three Defendants whose
7  locations are unknown, can survive a motion to dismiss for lack of
8  personal jurisdiction.  See Celestial, Inc. v. Swarm Sharing Hash
9  8AB508AB0F9EF8B4CDB14C6248F3 C96C65BEB882 on December 4, 2011, No.
10 CV 12-00204 DDP(SSx), 2012 U.S. Dist. LEXIS 41078, at *5 (C.D. Cal.
11 Mar. 23, 2012).
12      The Plaintiff bears the burden of establishing jurisdictional
13 facts.  See Columbia Ins. Co., 185 F.R.D. at 578 (citing Wells
14 Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th
15 Cir. 1977)).  Yet, remarkably, in its Motion, 808 Holdings does not
16 discuss whether this Court has personal jurisdiction over the Doe
17 Defendants.  In its Complaint, however, Plaintiff asserts that the
18 Defendants are subject to personal jurisdiction in this district
19 because they took the "affirmative action of both downloading and
20 uploading" Plaintiff's motion picture, which "contained Plaintiff's
21 business address in this jurisdiction, . . . ." (Compl. 2, ECF No.
22 1.)  Thus, Plaintiff maintains that "Defendants knew or should have
23 known . . . that the copyright belonged to an entity residing in
24 this jurisdiction and thus [they] expressly targeted their
25 infringing actions and caused damages" in California.  (Id.)
26      Personal jurisdiction over a nonresident defendant is
27 determined by a two-part test.  First, the exercise of jurisdiction
28 must comply with the state's long-arm statute.  Liberty Media

Holdings v. Does 1-62, No. 11-CV-575-MMA (NLS), 2012 U.S. Dist. LEXIS 24232, at *6 (S.D. Cal. Feb. 24, 2012). Second, the exercise of jurisdiction must satisfy the requirements of federal due process. Id. at *6-7 (citation omitted). California's long-arm statute extends jurisdiction to the limits of due process. Cal. Code. Civ. P. § 410.10 (West 2004); Dow Chem. Co. v. Calderon, 422 F.3d 827, 831 (9th Cir. 2005). "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Scwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

While some courts deciding requests for early discovery have considered whether the IP addresses are located in California, at least one other court has determined that merely identifying the host IP addresses — regardless of location — is sufficient. Compare Pink Lotus Entm't, 2011 U.S. Dist. LEXIS 65614, at *6-7 (noting that the IP addresses were traced to locations in California), with First Time Videos LLC, 2011 U.S. Dist. LEXIS 42376, at *5 (opinion by Judge Beeler) (failing to discuss location of IP addresses). Judge Beeler did not consider the location fo IP addresses in three subsequent cases. See Digital Sin, 2011 U.S. Dist. LEXIS 128033, at *4-5 (failing to address the locations of the IP addresses); MCGIP, 2011 U.S. Dist. LEXIS 85363, at *4-5; VPR Internationale v. Does 1-17, No. C-11-01494 LB, 2011 U.S. Dist. LEXIS 45118, at *5 (N.D. Cal. Apr. 15, 2011). Other courts have found that without identifying the Doe Defendants, it would be

premature to decide whether the court lacks personal jurisdiction when the defendants and their connections to California are unknown. See Liberty Media Holdings, 2012 U.S. Dist. LEXIS 24232, at *7-8 (citing IO Group, Inc. v. Does 1-10, No. C 10-03851 SI, 2010 U.S. Dist. LEXIS 133717 (N.D. Cal. Dec. 7, 2010); Call of the Wild Movie, LLC v. Does 1-1,062, 770 F. Supp. 2d 332, 347 (D.D.C. 2011)).

This Court must balance the need for discovery against the interests of justice, which includes consideration of the prejudice to the ISP and to the Doe Defendants. See Semitool, 208 F.R.D. at 276. The judicial process should not be manipulated to obtain confidential information about Defendants not subject to the Court's jurisdiction. The Plaintiff asserts that jurisdiction over the Doe Defendants is proper because the motion picture displayed Plaintiff's California business address. (Compl. 2-3, ECF No. 1.) This is insufficient to support a determination that "'Defendants expressly aimed their tortious acts against' a California company, as required for specific jurisdiction." Celestial, 2012 U.S. Dist. LEXIS 41078, at *6 (citation omitted). It is unlikely that an individual in a distant jurisdiction would envision that the acts alleged would subject him to the jurisdiction of this Court. Similarly, any allegation that personal jurisdiction exists because of the swarming activity is inadequate. Id. at *6-7 & n.2.

At a minimum, Plaintiff has not alleged sufficient facts to show that it can withstand a motion to dismiss for lack of personal jurisdiction as to the fifty-four Doe Defendants with IP addresses outside of California and the three Doe Defendants whose locations are not identified. See Celestial, 2012 U.S. Dist. LEXIS 41078, at

*5-6 (denying request for early discovery because the complaint could not withstand a motion to dismiss for lack of personal jurisdiction even though all of the IP addresses were located in California).

**2.    Improper venue**

In the same vein, 808 Holdings has not shown that its Complaint can survive a motion to dismiss for improper venue as to the Doe Defendants with IP addresses outside the State of California and outside this judicial district.  As discussed, fifty-four of the IP addresses are located out-of-state, and the locations for three of the addresses are unknown.  (See Mot. Leave Take Early Disc. Attach. #2 Ex. A, at 2-4, ECF No. 3.)  Only five of the twenty-six California IP addresses are within the Southern District of California — one IP address is in Fallbrook, California; one is in Coronado, California; and three are in San Diego, California.  (Id.)

Plaintiff alleges that venue in this district is proper as to all Defendants under 28 U.S.C. §§ 1391(b)(2), 1400(a).  (See Compl. 3, ECF No. 1.)  "The venue of suits for infringement of copyright is not determined be the general provision governing suits in the federal district courts, rather by the venue provision of the Copyright Act."  Goldberg v. Cameron, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007).  Civil actions for copyright infringement "may be instituted in the district in which the defendant or his agent resides or may be found."  28 U.S.C.A. § 1400(a) (West 2006).  An individual "resides" for venue purposes in the district of his domicile.  17 James Wm. Moore, et al., Moore's Federal Practice, § 110.39[2], at 110-76 (3d ed. 2011).  A defendant is "found" for

venue purposes where he is subject to personal jurisdiction.  Id. (footnote omitted); see Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1126 (9th Cir. 2010) ("This circuit interprets [28 U.S.C. § 1400(a)] to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction.").

Plaintiff fails to address venue in its Motion.  In the Complaint, however, 808 Holdings asserts venue is proper because although the true identities of the Defendants are unknown, "on information and belief, each Defendant may be found in this District and/or a substantial part of the infringing acts complained of occurred in this District."  (Compl. 3, ECF No. 1.) This allegation may run afoul of Rule 11 of the Federal Rules of Civil Procedure, given that only five of the eighty-three Defendants have IP addresses in the Southern District of California.

Plaintiff has not demonstrated that its Complaint can withstand a motion to dismiss for lack of personal jurisdiction as to the fifty-four Doe Defendants located outside of California and the three Defendants in unknown locales.  It also appears that venue in this judicial district would be improper for these Defendants.  Similarly, the Plaintiff has not shown that the twenty-one California Defendants located outside of this district are subject to suit in the Southern District of California.  Thus, it is unclear whether 808 Holdings's Complaint can survive a motion to dismiss by these twenty-one Doe Defendants.  Consequently, Plaintiff has not shown that it can withstand a motion to dismiss for improper venue pursuant to 28 U.S.C. § 1406(a) for these

seventy-five Doe Defendants, especially when there is no alternate district to which a transfer would be appropriate. See 28 U.S.C.A. § 1406 (West 2006).

### 3. Misjoinder

In addition to personal jurisdiction and venue, 808 Holdings has failed to show that its claims can withstand a motion to dismiss for improper joinder. Fed. R. Civ. P. 20(a); see Celestial, 2012 U.S. Dist. LEXIS 41078, at *7 n.3. Although the Ninth Circuit has not ruled on whether permissive joinder is proper in cases where Doe defendants collectively download and upload the same file using BitTorrent technology, several recent district court cases in the circuit have found joinder improper. See Celestial, 2012 U.S. Dist. LEXIS 41078, at *7 n.3 (citing recent cases finding misjoinder); see also Liberty Media Holdings v. Does 1-62, 2012 U.S. Dist. LEXIS 24232, at *16-17. In its conclusory pleading and motion, 808 Holdings has not established that the Complaint can withstand a motion to dismiss for the misjoinder of out-of-state and out-of-district Doe Defendants.

**V.**

**CONCLUSION**

Plaintiff's Motion for Leave to Take Early Discovery [ECF No. 3] is **GRANTED** in part and **DENIED** in part.

The Plaintiff has made a sufficient showing to satisfy the three-factor test for only five of the eighty-three Doe Defendants. For these five Defendants, Plaintiff's Motion is **GRANTED**.

808 Holdings may serve subpoenas on the ISPs for the five Defendants with addresses in this judicial district, seeking identifying information relating to the following "Host IP

1  addresses": (1) 76.176.17.137 (Fallbrook, California), (2)
2  66.75.47.109 (Coronado, California), (3) 68.107.100.235 (San Diego,
3  California), (4) 76.192.216.196 (San Diego, California), and (5)
4  75.25.175.128 (San Diego, California).  (Mot. Leave Take Early
5  Disc. Attach. #2 Ex. A, at 2-3, ECF No. 3.)  Each subpoena must
6  provide a minimum of forty-five days' notice before any production
7  and shall be limited to one category of documents identifying the
8  particular subscriber or subscribers on the "Hit Date(UTC)" listed
9  on Exhibit A to Plaintiff's Motion for Leave to Take Early
10 Discovery.  (Id.)  The requested information should be limited to
11 the name and addresses of each subscriber.  Any subpoenaed third
12 party may seek a protective order if it determines there is a
13 legitimate basis for doing so.
14     The ISPs shall have fourteen calendar days after service of
15 the subpoenas to notify the subscribers that their identity has
16 been subpoenaed by Plaintiff.  Each subscriber whose identity has
17 been subpoenaed shall then have thirty calendar days from the date
18 of the notice to seek a protective order or file any other
19 responsive pleading.  If appropriate, 808 Holdings may then serve
20 each individual identified by the ISPs, and made a party to this
21 action, with no more than three interrogatories to determine
22 whether the Internet subscriber is the proper defendant.  See
23 University of Tex. v. Vratil, 96 F.3d 1337, 1340-41 (10th Cir.
24 1996) (holding that interrogatories under Rule 33 of the Federal
25 Rules cannot be served on nonparties); Rubino v. ACME Bldg. Maint.,
26 No. C08-00696 JW (HRL), 2010 U.S. Dist. LEXIS 10110, at *3-4 (N.D.
27 Cal. Feb. 5, 2010) (same).  No depositions are authorized at this
28 time.

    With respect to the remaining seventy-eight Doe Defendants, Plaintiff's Motion is **DENIED**.

    **IT IS SO ORDERED**.

Dated:  May 8, 2012

_____
RUBEN B. BROOKS
United States Magistrate Judge

cc: Judge Anello
    All Parties of Record